Good morning ladies and gentlemen. Our first case for argument this morning is Douglas v. United States. Ms. Sobel. Thank you, Your Honor. May it please the Court. Mr. Douglas was sentenced as an armed career criminal based in part on his convictions for Indiana Battery with serious bodily injury. That statute makes it a crime to knowingly or intentionally touch another person in a rude, insolent, or angry fashion and requires that serious bodily injury result from that touching. The statute does not require, however, that the defendant intend to inflict any injury whatsoever, let alone serious bodily injury. This Court's binding precedents, specifically the decisions in Flores v. Ashcroft, De Leon-Castellano v. Ashcroft, and United States v. Duncan, compel the conclusion that Indiana Battery with serious bodily injury is not a violent felony. I'll start with Flores v. Ashcroft, which this, with Judge Easterbrook I believe These are issues that could have been raised in the District Court or rather on his direct appeal, correct? I believe, Your Honor, that during the course of, at the time of his direct appeal, the residual clause was still in effect. I'm sorry? The residual clause was still in effect, and by definition, Indiana Battery with serious bodily injury would have had a substantial likelihood of resulting in physical harm to another person. But as part of his guilty plea, am I remembering correctly that he waived also 2255 challenges? I believe that's correct, however, Your Honor. So why should we overlook those waivers? Your Honor, a waiver is an affirmative defense to be raised by the government, and the government has not exercised that affirmative defense here. Courts also generally have a kind of right of self-defense. So what good reason is there for us to overlook the waiver in this case? Your Honor, I understand that the court in sort of its, that 2255s are sort of equitable proceedings, and the courts have sui sponte enforced waivers, even when the government hasn't affirmatively invoked it. Here the government has affirmatively waived it, and I think that's in recognition of the important limitations on the statutory maximum set forth in 922G if the Armed Career Criminal Act is not involved. If Mr. Douglas is not an armed career criminal, and we do not believe that he is, then the court did not have the authority to impose a sentence above 10 years. This is not a case where his sentence would have been within the statutory maximum, even if he had been considered an armed career criminal. I think that makes this case different than other cases in which the court has chosen, and that in combination with the government's affirmative disavowal of the waiver makes this court different from those cases where district courts or appellate courts have affirmatively or sort of sui sponte invoked a waiver despite the government's failure to do so. In Flores v. Ashcroft, this court considered a nearly identical Indiana statute, in fact part of the same statutory scheme. The other court looked at Indiana battery with bodily injury. The statutes are identical, but for the requirement in our case that the bodily injury be serious. And there this court, Judge Easterbrook, wrote that the statute did not require the use of I'm going to save my colleagues the duty of pointing out that opinions for the court are for the court, no matter who writes them. I understand, Your Honor. The court held that Indiana battery with bodily injury was not a crime of violence in that case. And the court did not do so because of the level of injury, as this court pointed out in Duncan issued just some months ago, but because specifically the Indiana battery statute did not require that the defendant intend to inflict injury. The court emphasized that the key to a violent felony or a crime of violence was that the defendant intended to harm another person, that the conduct at issue was intended to cause physical harm. Ms. Sobel, can I ask you, can you direct us to any Indiana cases that have applied this statute in instances where the serious bodily injury was accidental? Your Honor, I can't point to any cases, but this is sort of one of the problems with the way the criminal justice system works. Cases like that that aren't controversial simply don't result in opinions. I can point the court to Mann, which is an Indiana case, discussing the difference between Indiana battery with serious bodily injury. What I'm getting at, I'm trying to understand whether the possibility you've directed us to, the push that knocks somebody off a curb so that they hit their heads and suffer a concussion or are knocked unconscious or something like that, whether that's anything more than a hypothetical exercise. I believe that it is more than a hypothetical exercise, and I base that belief on Indiana's statutory scheme itself. The legislature went to the pains of codifying two separate criminal offenses, aggravated battery, which is identical to battery with serious bodily injury, except that it has the added element of intent. The legislature's additional steps in creating a separate scheme suggest that the legislature recognized that there were situations where a person could engage in a simple battery that resulted in serious bodily injury, even if the defendant did not intend to harm the other person. Counsel, where does this intent business come from? Statute just asks whether the crime has as an element the use of force. Where does intent come from? Your Honor, the Supreme Court in Leocol emphasized that the, in that case, crime of violence definition, which is in all major respects analogous to the Armed Career Criminal Act's definition of violent felony. Look, if the underlying statute has intent as a particular element, in order to be convicted of violating it, you need to show that intent. You seem to think that intent is some freestanding requirement of a crime of violence even more than what is in the underlying statute. Where does that idea come from? Your Honor, it comes from Leocold. It comes from Curtis Johnson. So in other words, you don't think it comes from any statute? I think it comes from the idea of use, and that's what the Supreme Court in this Court has repeatedly held, is that the idea of use means intentional, purposeful conduct. It doesn't mean accidental or reckless conduct, that in order to use force against another person, you must intend the consequences of your action. You must intend to use that force. Well, we can debate whether that's what Leocold says or holds, but in any event, you're not locating your requirement in any language of the statute. You think it's completely extra statutory. The other word for that is made up. Your Honor, I think it's inherent in the definition of the term use, and what Leocold says is that the reason that reckless conduct doesn't fall under 16A, because the Court does deal with 16A, is because when a defendant acts without the intention to harm another person, and in that case it was a DUI with bodily injury, that the defendant didn't use force. He may have employed force sort of in the physics sense of the word as described in this Court's opinion in Flores. He might have exerted force, but that's an entirely different thing from using force. You have intended to use force under this statute that is sufficient to cause serious bodily injury, right, which is a very high threshold under Indiana law, right? Your Honor, it's not a high threshold at all. All the defendant has to do in order to satisfy this statute is to engage in a rude, insolent, or angry touching, and serious bodily injury has to result. The defendant need not intend. But the standard for serious bodily injury is a high one, right? It is higher. Yes, it's high. Serious permanent disfigurement, unconsciousness, extreme pain, different from substantial pain in moderate bodily injury, permanent or protracted loss or impairment of the function of a bodily member or organ, or loss of a fetus, right? It is a high standard, yes, Your Honor. Okay. Your Honor, I would say that if the Court declines or declines to rule in our favor and decides that Indiana battery with serious bodily injury is a crime of violence or is a violent felony, rather. Do you think arson that causes death would be a crime of violence on your view? Do I believe that arson that causes death? Yeah. So the usual way in which that happens is that somebody intends to set the fire and doesn't know whether there's somebody in the building. There is somebody in the building, and that person dies. In your view, is that a crime of violence because the defendant didn't intend to cause the death and only intended to burn down the building? If the defendant intended, under Brown v. Carraway, that would likely not be a crime of violence. That seems really implausible. But that is this Court's precedent. Where have we held that? Well, in Brown v. Carraway, this Court held. Could you, there's an echo problem in this room, so if you would speak a little more slowly, you could get your point across better. Yes, Your Honor. I see my time is up, but the Court will allow me to answer the question. I wonder where you think we have established that. In Brown v. Carraway, this Court considered whether an arson, whether the Delaware specifically arson statute was a crime of violence. And there, all the statute required was that the defendant intend to cause the fire and do so with sort of a reckless disregard to what consequences came from that fire. So it would obviously depend on the statutory language itself and whether or not that statutory language meant the arson definition. But if the question is only would an arson without intent to cause injury be a crime of violence under the force clause, I would argue no, even if injury, if injury is the reckless result of that conduct, then no, it does not satisfy the force clause. That's consistent with this Court's opinions in Flores. It's consistent with this Court's opinions in Duncan. And it's consistent with this Court's opinion in De Leon Castellanos, where the Court also looked at a very low level of injury. That was Illinois' misdemeanor domestic violence, domestic battery statute, where the Court also considered a low level of bodily injury and held that that was a crime of violence where Flores was not because Illinois' battery statute required that the defendant intend to inflict injury. Thank you, Your Honor. Thank you, Counsel. Mr. Holler. Thank you. Good morning, Your Honors, and may it please the Court. Indiana battery resulting in serious bodily injury is exactly the kind of violent act of crime that Congress had in mind when it enacted the Armed Career Criminal Act, and it has as an element Why does it matter what Congress had in mind? Why aren't we satisfied with what Congress enacted? Tell what 535 people are thinking, and why should it matter? I apologize, Your Honor. The offense has as an element under the text the use of physical force. To convict under the Indiana statute, a defendant must knowingly and intentionally avail himself of force that must cause and thus must be capable of causing substantial and serious bodily injuries. It's an intentional touching, and it causes bodily injury, and that makes it a violent felony under this Court's precedence and under the precedence of the Supreme Court. Judge Hamilton. The argument here is that there's a necessity of intent directed at the consequences as opposed to the intent to do the act. It's the classic conceptual distinction between intentional acts and intending certain consequences, and your opponent argues that the crime must have an intent requirement with respect to the consequences. In other words, the substantial harm that the Curtis Johnson case refers to or the injury that the Curtis Johnson case refers to implies an intent requirement as to those consequences as opposed to merely intentional acts. I don't necessarily read the Curtis Johnson case as requiring that. It's nowhere in the language of the opinion, but your opponent argues that it's implicit based on Curtis Johnson and then the cases that came before it, Leocal and Flores. I believe that's correct, and I think here's where I think we can join the issue. As we've set forth in our brief, there are four elements to the Indiana offense, and my opponent really only wanted to talk about three of them. There has to be a knowing or intentional, so that's the knowing intentional requirement that we get from Leocal. There has to be an unlawful touching, which by itself would not be enough. It has to result in serious bodily injury. What she sort of leaves out is that it has to have approximately caused a reasonably foreseeable bodily injury, and there's nowhere in Indiana law that gets at all into this idea that you could tap somebody on the shoulder and have them through some Rube Goldbergian scheme wind up unconscious or severely impaired. It is a very high bar. I mean, the Davis case that we've cited, lacerated lips, knee abrasions, and broken fingers are not enough to meet the standard, so we're talking a touch that doesn't just happen to in a Rube Goldbergian fashion lead to that injury, but it was reasonably foreseeable that it was going to lead to that injury. At a minimum, I think what that is is recklessness at the injury level, and the case that I think is probably the clearest on that is the Lawrence decision from the Ninth Circuit, which focuses on a Washington State statute that explicitly holds those elements, intentionally assaulting another and thereby recklessly inflicting substantial bodily harm is enough. And, in fact, this court in the unpublished order in Davis, where in an Anders brief context it said that challenging this statute under the elements clause would be frivolous, cited to the Lawrence decision. And I think that's what this statute is. This statute is analogous to that Washington statute, and just like the Ninth Circuit in Lawrence, this court should, therefore, likewise find that the Indiana statute here does meet that particular standard. I think we've cited other cases as well. The Ninth Circuit's decision in Colon-Areola suggests that even bodily injury without even that recklessness level would be enough. But I think my opponents, you know, in a brief at page 17 and other places, does seem to concede that really this is akin to a recklessness standard for the consequences of the injuries. And we don't see anything in the Supreme Court's precedents or this court's precedents that would suggest that that's a problematic reading of the statute. Turning briefly to the procedural point, Judge Hamilton, since you raised the question, we do try in accordance to follow Department of Justice policy regarding when we should and should not enforce appeal waivers. This court certainly, I believe, does have its own right to enforce appeal waivers even when we choose not to, at least under the prior administration, and nothing has changed to this point. We have, in general, been waiving in the Armed Career Criminal Act context, not in many other contexts, including the 924C context, despite the fact that this court has ruled against us on the merits of 924C issues. And I do think as a general matter that there are policy reasons for us to waive the issue here, which is this isn't some singular issue related to this defendant's case. This is a broad issue. There are many defendants pending in district court who have been convicted of this offense, and we need to know whether we should be charging them as armed career criminals or whether we should be saying, you know, they've committed conduct in state court and they should be charged there. The defendant in this very case was a pimp who was brutalizing women, and if we can get a 15-year hit or the potential of a 15-year hit on him in federal court, we're going to charge him there. And if we can't, then the state maybe wants to work him up and get him that kind of severe penalty that he deserves as well. Mr. Holler? Yes. What should we do, if we rule in your favor on this one, what should we do with a moderate bodily injury case? A moderate bodily injury case? Yes, the next one. Well, I guess the case should... We'll have to draw a line somewhere if we agree with you. Well, the court is going to have to draw the line somewhere, and I do agree with that. And I guess, you know, I don't know. I mean, I suppose that if it's moderate bodily injury, the court's still going to have to look at the context of exactly what that means. I'm not well-versed enough in moderate bodily injury or whether that is even a thing in Indiana law. There's battery with moderate bodily injury. Wisconsin has a similar thing. Well, I guess I'd rather say stay tuned and we'll brief that when it comes. But what I would say is the court's... Well, look, if it's... I do think that under Lawrence and under these other cases, there's a recklessness standard. If it's reasonably foreseeable that the amount of force that you use is likely to cause moderate bodily injury, I mean, the Supreme Court... I understand that the Supreme Court endorsed Flores, but at the same time the Supreme Court and Justice Scalia's concurring opinion in Castleman start talking about things like bruises and minor pain that could be the equivalent of a paper cut caused by a paper airplane. So there's some tension in the law there. The most recent statement is Curtis Johnson, and that requires only force capable of causing physical pain or injury. There's no degree of injury or degree of pain requirement there, and there's no intent requirement that's directed at the consequences of the act. It's just an intentional act... And based on that, it would... ...capable of producing physical pain or injury. It doesn't even have to result in physical pain or injury. Right, and so, of course, what the lower courts across the country and what this court too should say is, if it in fact results in serious bodily injury, and my suggestion would be if it results in moderate bodily injury, which I don't know the definition of, but I suggest it's going to... Well, it's going to go well beyond the Curtis Johnson standard. But where you have to look, I think, is, like I said, the place that my opponent wants to run from, rationally, I suppose. But it's that reasonable foreseeability. And the Eleventh Circuit involved by own is really considering the question of whether there's even any kind of intent element at all in that. If it happens to result in injury, is even a negligence standard enough? That's the standard in the Eleventh Circuit. But here I think Indiana has a higher standard than that. There's no evidence in Indiana that tickling somebody and causing them unforeseeably to fall downstairs is going to count, and apparently in Florida it could. So I think that regardless of how that Eleventh Circuit case comes out, I think this case is more akin to the Ninth Circuit case, to the Fifth Circuit decision in Turon, to all of those other cases that we've cited. And ultimately, at the end of the day, there's always still the point of Duenas-Alvarez, which says, look, if you can't... It's not just enough that we can all sit here and come up with hypotheticals. There's no evidence that Indiana law does this. My opponent cites one Indiana law case in her brief, and it has nothing to do, really, with the issue here. We've cited many cases showing the level of injury that's going to have to result and that it's going to have to be reasonably foreseeable and the proximate cause of that level of force. That is sufficient, and for all those reasons, we would ask this Court to affirm Judge DiGiulio's opinion in the District Court's judgment. If the Court has no further questions, I would give back the balance of my time. Nope. Thank you very much, Counsel. The case is taken under advisement.